# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:13cv384

| | |
|---|---|
| GREENWOOD MOTOR LINES, INC. <br> d/b/a R+L CARRIERS; R+L TRUCKLOAD <br> SERVICES, LLC <br><br> Plaintiff, <br><br> Vs. <br><br> OMNISOLV, INC., <br><br> Defendant. | ORDER |

**THIS MATTER** is before the court on plaintiffs' Motion for Award of Default Judgment by Clerk of Court. While the motion requests the Clerk grant the requested relief pursuant to Fed.R.Civ.P. 55(b)(1), the court will address the motion.

Plaintiffs initiated this action against defendant in an amended complaint filed on July 18, 2013 (#8) seeking damages for "unpaid charges for motor carrier transportation service[s]," pre and post-judgment interest, costs, and attorney's fees. A review of the docket reveals that Summons and the Amended Complaint were duly served upon defendant; that defendant failed to plead or otherwise respond; and that the Clerk of this Court properly entered Default on August 14, 2013. More than three weeks have passed since then and defendant has still not responded.

Further review reveals that the underlying damages amount sought is for a sum determinable from the pleadings filed with the court. In addition, however, plaintiff petitions the court for the award of attorney's fees and costs. While plaintiffs have submitted two affidavits indicating that attorney's fees in the amount of $3,802.20 have been expended, they have not

1

provided even a minimal accounting for the fees assessed. In determining whether any award of attorney's fees is reasonable, the Court of Appeals for the Fourth Circuit has provided the court with very specific guidance:

> In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir.2008). In deciding what constitutes a "reasonable" number of hours and rate, we have instructed that a district court's discretion should be guided by the following twelve factors:
>
>> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the *244 professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.
>
> Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir.1978) (adopting twelve factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by* Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)).
>
> After determining the lodestar figure, the "'court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" Grissom, 549 F.3d at 321 (quoting Johnson v. City of Aiken, 278 F.3d 333, 337 (4th Cir.2002)). Finally, "[o]nce the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Id. (internal quotation marks and citation omitted).

Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009).

Thus, without further information from plaintiff, the court cannot award attorney's fees. Accordingly, the court enters the following order allowing the default judgment to be entered except for the award of attorney's fees.

# ORDER

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion for Award of Default Judgment by Clerk of Court (#11) is **GRANTED IN PART AND DENIED IN PART** without prejudice as follows:

## JUDGMENT BY DEFAULT

**IT IS, THEREFORE, ORDERED ADJUDGED, AND DECREED** that Judgment is entered in favor of plaintiff R+L in the amount of $1,659,110.31 plus interest at the lawful rate.

**IT IS FURTHER ORDERED** that Judgment is entered in favor of plaintiff R+L Truckload in the amount of $5,086.00 plus interest at the lawful rate.

**IT IS FURTHER ORDERED** that plaintiffs are each awarded costs in the amount of $200.00 for the filing fee and $44.06 for the motion fee for entry of default and default judgment.

**IT IS FURTHER ORDERED** that plaintiffs' motion for the award of attorney's fees is **DENIED WITHOUT PREJUDICE.**

Signed: September 9, 2013

Max O. Cogburn Jr.
United States District Judge